UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EDUARDO ARRIAGA,<br>Defendant. | Case No. 5:13-cr-00510-EJD-1<br>Case No. 20-cv-5392 - EJD<br>**ORDER DENYING 2255 MOTION**<br>Re: Dkt. Nos. 150, 161 |

Defendant Eduardo Arriaga ("Arriaga") filed a timely motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence. Dkt. No. 150, 161. On February 16, 2021, the government filed an opposition, accompanied by the declaration of one of Arriaga's trial counsel. Dkt. No. 166. On April 19, 2021, Arriaga filed a response. Arriaga argues his conviction should be reversed or his sentence reduced under USSG 5G1.3 because of ineffective assistance of counsel during trial, sentencing, and on appeal. In the alternative, Arriaga requests an evidentiary hearing. Having considered the record in this case and the parties' briefs, the Court concludes that Arriaga has not shown deficiency and prejudice, as required by *Strickland v. Washington*, 466 U.S. 668 (1984). Therefore, Arriaga's motion is DENIED.

**I.   BACKGROUND**

Arriaga was found guilty of one count of Possession of Methamphetamine With Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c)(1). Dkt. No. 70. In December of 2016, the Court sentenced Arriaga to a custodial term of 168 months as to the first count and 60 months for the second count, to run consecutively, for a total term of 228 months (19 years) plus five years of supervised release. Dkt. No. 87. Arriaga

Case No.: 5:13-cr-00510-EJD-1
ORDER DENYING 2255 MOTION
1

appealed his convictions and the Court of Appeals affirmed. Dkt. No. 143.

## II. STANDARDS

The Court may "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a petitioner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III. DISCUSSION

To prevail on an ineffective assistance of counsel claim, a convicted defendant must show: (1) counsel's performance was "deficient," which requires a showing that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) this deficient performance caused "prejudice," which requires showing that the errors were so serious as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The defendant must show both deficiency and prejudice; if an insufficient showing is made for one, the court need not consider the other. *Id.* at 697. Surmounting the *Strickland* standard is "never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

In assessing trial counsel's performance, the court applies an objective standard of reasonableness and asks, "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Review is "highly deferential"—a fair assessment of counsel's performance requires that every effort be made to eliminate the "distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Due to the difficulties inherent in this

Case No.: 5:13-cr-00510-EJD-1
ORDER DENYING 2255 MOTION

2

evaluation, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Defendant, thus, must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy" since "[t]here are countless ways to provide effective assistance in any given case." *Id*. Accordingly, counsel's judgments receive a "heavy measure of deference." *Id*. at 691.

Here, Arriaga raises three claims of ineffective assistance of counsel by three different attorneys. First, Arriaga argues that his original defense counsel and trial counsel failed to interview and call three witnesses at trial—Lorenzo Garcia ("Garcia"), Antonio and Rebecca Moreno—who would have been helpful to the defense. Arriaga submitted affidavits from each individual in support of his 2255 motion. These affidavits indicate that Garcia brought a gun to the garage where Arriaga lived. The garage had been converted to a duplex apartment. Garcia took the gun to the apartment to ask an individual called "Munchie" about repairing the gun. When Garcia entered the apartment, Arriaga was not there. Only Munchie, Antonio and Rebecca Moreno, Diana Martinez, and the confidential informant ("C.I.") were present. Arriaga arrived after Garcia and "Munchie" had "made a deal to have [the gun] fixed." *Id*. at 28. Garcia states in an affidavit that Arriaga "had nothing to do with that gun," and that Arriaga "never touched a gun, nor even talked about it." *Id*.

The first claim of ineffective assistance of counsel fails both prongs of the *Strickland* test. Counsel's performance was not deficient. Rather, counsel made a sound tactical decision not to call the three witnesses identified by Arriaga, given the strength of other evidence in the case. The C.I. involved in the drug deal was wearing an audio/video recording device that was activated during the drug deal. Arriaga's trial attorney recalls that the video showed the presence of a firearm: the C.I. "was briefly seen holding the handgun after Mr. Arriaga handed it to him." Dkt. No. 166 at 13-14; *see also* Dkt. No. 162-1 at 11 (citing ER 476, 485). The recording captures Arriaga asking if the C.I. wanted to buy the firearm and "the sound of the handgun being 'cocked.'" *Id*. at 14.

Arriaga was not prejudiced by the purported failure to interview and call the three

Case No.: 5:13-cr-00510-EJD-1
ORDER DENYING 2255 MOTION
3

witnesses. On appeal, the Ninth Circuit found that there was substantial evidence for the jury to convict Arriaga for the firearm count. Dkt. No. 143 at 3. "The handgun was on the couch in the room where Arriaga's supply of drugs and drug paraphernalia were located." *Id*. The firearm "was readily accessible to him in the garage both immediately before and after the transaction." *Id*.

Second, Arriaga asserts that counsel who handled the sentencing failed to request a sentence adjustment or reduction under USSG 5G1.3. Dkt. No. 166 at 7. Arriaga essentially argues that if counsel had made the request, the Court could have or would have ordered the federal sentence to run concurrent with a state court sentence Arriaga was serving for a drug offense. Third and relatedly, Arriaga claims that appellate counsel failed to argue that this Court should have *sua sponte* reduced his sentence based on USSG 5G1.3. These two ineffective assistance of counsel claims fail because Arriaga cannot show prejudice under any subsection of Guideline 5G1.3.

Guideline 5G1.3(a) provides:

> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

USSG 5G1.3(a).[1] According to the PSR, Arriaga had the following ten state cases resolve on November 6, 2013, which led to a three year concurrent sentence: (1) 06/07/2012 Theft or Unauthorized Use of a Vehicle; (2) 10/01/2012 Petty Theft; (3) 1/5/2013 Transportation/ Sale/ Distribution of Controlled Substance; (4) 1/15/2013 Transportation/Sale/Distribution of Controlled Substance; (5) 03/04/2013 Drive With Suspended License; (6) 03/18/2013 Theft or Unauthorized Use of a Vehicle; (7) 03/21/2013 Petty Theft; (8) 04/12/2013 Drive With Suspended License; (9) 05/02/2013 Possession of Controlled Substance; and (10) 06/03/2013 Theft or

---

[1] The 2012 and 2016 versions of this subsection are identical.

Case No.: 5:13-cr-00510-EJD-1
ORDER DENYING 2255 MOTION
4

Unauthorized Use of a Vehicle. Dkt. No. 85. Guideline 5G1.3(a) is inapplicable. The federal offense was not committed while Arriaga was serving a term of imprisonment for the state offenses. Nor was the federal offense committed after sentencing for, but before commencing service of, the state court imposed term of imprisonment. The federal offense was committed in April of 2012; the state court sentence was imposed on November 6, 2013.

Next, the 2016 version of Guideline 5G1.3(b) provides:

> If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> (1)   the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2)   the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

USSG 5G1.3(b).[2] Guideline 5G1.3(b) is inapplicable because the conduct underlying the state offenses is not relevant conduct within the meaning of Guideline 1B1.3. In other words, the conduct for the state sentence did not occur during the commission of, in preparation for, or in the course of attempting to avoid detection or responsibility for, the controlled buy of crystal methamphetamine on April 29, 2012.

Lastly, Guideline 5G1.3(c), which was renamed 5G1.3(d) in 2016 provides:

> (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense the federal offense.

USSG 5G1.3(c). Even if Arriaga's counsel should have argued for a concurrent sentence under

---

[2] The 2012 version of 5G1.3(b) did not require the nonfederal offense to be a basis for an increase in the offense level for the federal offense.

Case No.: 5:13-cr-00510-EJD-1
ORDER DENYING 2255 MOTION

5

5G1.3(c), Arriaga has not shown that the failure to do so caused prejudice, as required by *Strickland*. "The fact the court *can,* in its discretion, impose a sentence to run concurrently to an undischarged state-imposed sentence does not create a right or expectation to such a sentence." *Andrade-Arroyo v. U.S.*, No. CR 03-5331 AWI, 2009 WL 748228, at *3 (E.D. Cal. Mar. 20, 2009) (denying 2255 motion because petitioner could not show any prejudice arising from attorney's failure to request a downward departure to compensate for time that he could have served concurrently); *see also Garcia v. U.S.*, No. CR 11-214 DDP, 2013 WL 4718427, at *3 (C.D. Cal. Sept. 3, 2013) (denying 2255 motion because petitioner failed to show prejudice arising from attorney's failure to request federal sentence run concurrently with state sentence). Under Guideline 5G1.3(c), the Court had discretion to run the state and federal sentences concurrently, but was not required to do so. If a request had been made, it is highly unlikely the request would have been granted because the conduct underlying the state court convictions was unrelated to the conduct underlying the federal conviction. Furthermore, Arriaga received a 228-month sentence, which was well below the Guideline calculation of 324 to 405 months for the drug charge, as well as the government's request for a 27-year sentence. Counsel did not render ineffective assistance by failing to pursue a concurrent sentence or reduction of the sentence under USSG 5G1.3 in the trial court or on appeal.

## IV. CONCLUSION

For the reasons stated above, Arriaga's 2255 motion is DENIED. The request for an evidentiary hearing is DENIED because the allegations in the motion do not give rise to a claim for relief. *U.S. v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011). The Court also *sua sponte* DENIES Arriaga a certificate of appealability because the records lacks the requisite substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated: November 17, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-cr-00510-EJD-1
ORDER DENYING 2255 MOTION

6